E-FILED
Monday, 14 September, 2026 04:50:43 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

LOUIS CONWAY,
Plaintiff,

v.

JASMINE LECOUNT MCCLANAHAN, et al.,
Defendants.

Case No. 1:26-cv-01372-JEH-RLH

**Order**

Now before the Court is the *pro se* Plaintiff Louis Conway's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).[1] For the reasons set forth below, the Plaintiff's Application to proceed *in forma pauperis* (IFP) is DENIED, and his Complaint (D. 1) is DISMISSED WITH PREJUDICE.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

Here, the Plaintiff's Complaint alleges:

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1. Defendants are involved in a multi-district network, which are [sic] subjected to supervision and control of federal agents,
2. The Court has power to direct control in accordance with the manual.

Pl.'s Compl. (D. 1 at ECF p. 1). That is the entirety of the Complaint.

Even construing the Plaintiff's Complaint liberally, as the Court must given his *pro se* status, the Plaintiff's allegations very blatantly fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, the Plaintiff does not provide who, exactly, the parties are, the Plaintiff does not explain the basis for filing in this Court, and the Plaintiff does not provide any context whatsoever for his allegations.

Furthermore, this same Complaint brought by Louis Conway against the 55 named Defendants has been filed in numerous courts around the country, as illustrated by a PACER search of the plaintiff name "Conway, Louis." The cases were all filed between August 31, 2026 and September 10, 2026, thus far at least. Each complaint (at least the several this Court reviewed) is undated. The Plaintiff's mailing address is in Carmel, Indiana, but the envelope he mailed his

Complaint in here and in the other cases is postmarked in New Jersey. *See* Pl.'s Compl. (D. 1 at ECF p. 2).

An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Certainly, where a plaintiff files the same complaint with the same two vague, bald allegations – really just words strung together to waste a court's time – in 32 courts within just days of each other, that plaintiff intends to harass either the defendants, the given court, or both.

For the foregoing reasons, the Plaintiff's Complaint (D. 1) is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious. The Application to proceed IFP (D. 2) is DENIED. The Application, submitted under penalty of perjury, is lacking in detail. In any event, the Court will not permit the Plaintiff, who is pursuing a malicious action, to do so without paying the filing fee. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on September 14, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE